No. 71–5686. LAUCHLI *v.* UNITED STATES. C. A. 7th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

Petitioner brought this civil rights lawsuit pursuant to 42 U. S. C. § 1985 to recover damages from agents of the Alcohol, Tobacco, and Firearms Division of the Treasury Department. He alleged that they had conducted un-

lawful searches of his property beyond the scope of their warrants. Both lower courts denied the petitioner, a pauper, permission to proceed *in forma pauperis*. The terse orders simply stated that the unlawful search issue was frivolous.[1] Yet there is no doubt that a civil rights damages action is appropriate where federal agents ransack one's premises without authority. *Bivens* v. *Six Unknown Federal Narcotics Agents*, 403 U. S. 388 (1971). The Solicitor General, however, contends that the order of the Court of Appeals was nonetheless correct because the agents' searches had already been validated in the previous and finalized criminal proceeding.[2]

This action, brought to vindicate deprivations of Fourth Amendment privileges, is akin to that of the remedy of federal habeas corpus. The latter relief is not barred merely because the grounds relied on have been rejected on direct review of the conviction.[3] Inasmuch as both 42

---

[1] With respect to the frivolity standard under 28 U. S. C. § 1915, I have previously stated my view that the principle of equal protection of the laws prohibits a court from denying a pauper access to judicial machinery where a similarly situated but wealthier litigant could have obtained a ruling on the merits of his claim simply by paying docketing fees. Here the petitioner was unable to pay the docketing fee required by the Court of Appeals and was unable to pay the service fee (but was able to pay the $15 docketing fee) required by the District Court. *Cruz* v. *Hauck*, 404 U. S. 59 (1971).

[2] The Solicitor General may not be entirely correct in his implied assertion that all of the issues tendered in the instant complaint had been litigated in the criminal proceeding. Only searches conducted on April 17, 1969, were before the Court of Appeals. 444 F. 2d 1037, 1041 (CA7 1971). In addition to those seizures, petitioner's civil rights complaint attacked searches conducted on other dates which were not litigated in the previous prosecution inasmuch as the seized items were not sought to be introduced.

[3] Even where a federal prisoner continues to raise the same issue by filing repetitive petitions pursuant to 28 U. S. C. § 2255, the reviewing judge may not perfunctorily deny the later ones solely on the doctrine of *res judicata*. "[I]t is open to the applicant to show

U. S. C. § 1985 and federal habeas corpus are designed to make whole those who have been injured, either through loss of liberty or property, by unconstitutional conduct, it is unclear why collateral estoppel should apply against a prisoner in a civil rights action but not in his habeas action on the same issue. If Lauchli is subsequently freed on habeas on the very claim tendered here, will his civil rights action still be barred?

The Solicitor General says that the validity of petitioner's arrest and the searches of his premises, now challenged in this civil action, was "fully litigated and upheld in the criminal proceedings." That is partially true but not completely so. In the criminal case the motion to suppress the evidence was heard only by the court and it ruled on the question whether there was "probable cause" for the searches. But the issues tendered in this civil rights case will be for a jury to resolve. Is Lauchli barred from a jury trial on his civil rights suit merely because in the prior criminal case a judge ruled there was "probable cause" for the search?

These are important questions upon which we should have briefs and arguments.

The issue assumes added importance in light of the Government's current position that collateral estoppel does not bar it from re-prosecuting a defendant in a forfeiture lawsuit for the same alleged course of conduct for which he had previously been acquitted. In No. 71–672, *United States* v. *Two Hundred and One 50-pound Bags of Furazolidone,* the Solicitor General has petitioned this Court to reverse a Court of Appeals' determination that a prior acquittal of a defendant charged with smuggling animal feed in violation of 18 U. S. C. § 545 is a bar to a subsequent *in rem* forfeiture action

that the ends of justice would be served by permitting the redetermination of the ground." *Sanders* v. *United States,* 373 U. S. 1, 16 (1963).

brought by the Government against the feed on grounds that it was imported in violation of the same section.

The forfeiture case is not distinguishable from this case on the theory that the forfeiture action is "civil" and requires a lesser standard of proof. We have long held that "proceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offences committed by him, though they may be civil in form, are in their nature criminal." *Boyd* v. *United States,* 116 U. S. 616, 634 (1886). In *United States* v. *U. S. Coin & Currency,* 401 U. S. 715, 718 (1971), we found "no difference between a man who 'forfeits' $8,674 because he has used the money in illegal gambling activities and a man who pays a 'criminal fine' of $8,674 as a result of the same course of conduct."

May the Government have its cake and eat it too? May it (a) maintain that *res judicata* does not defeat forfeiture actions which are brought subsequent to acquittals and which are based on the same course of conduct, yet (b) plead collateral estoppel to a prisoner's attempts to recover damages for allegedly unconstitutional searches previously sustained on direct review of his conviction? [4]

I would grant the petition for certiorari or at the very least hold it for our disposition of No. 71–672.

---

[4] This proposition, of course, does not foreclose the possibility that the Court could hold against the Government in both situations. By analogizing the subsequent civil rights lawsuit to the habeas action, collateral estoppel might be found inapplicable. By requiring that the Government join all "criminal" charges flowing from a single course of conduct in a single proceeding the Government's subsequent forfeiture action could be barred. *Green* v. *United States,* 355 U. S. 184 (1957); see my dissenting opinion in *Hoag* v. *New Jersey,* 356 U. S. 464, 477 (1958).